IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHNNY INGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:18-cv-02384-TLP-tmp |
| v. | ) |
| | ) |
| STATE OF TENNESSEE, SHELBY | ) |
| COUNTY COURTS, DISTRICT | ) |
| ATTORNEY OF SHELBY COUNTY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On June 6, 2018, Petitioner, an inmate at the Shelby County Correctional Center, filed a pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"). (ECF No. 1.) Because Petitioner failed to exhaust his claims in state court, the Court DISMISSES the § 2254 Petition WITHOUT PREJUDICE.

## BACKGROUND

Petitioner was arrested on February 28, 2018 for criminal trespass. (ECF No. 1 at PageID 1.) On March 13, 2018, he accepted a plea of sixteen days of time served and to agree to not violate his probation. (*Id.*)[1]

---

[1] Petitioner provides a copy of a document entitled Order of Sentence which address these sixteen-day time-served sentence. (ECF No. 1-1 at PageID 8.) There is no reference to the effect this charge or sentence has on his probation.

Petitioner was then arrested on a warrant for aggravated burglary and domestic violence on April 11, 2018. (*Id.*) Probable cause was found, and Petitioner was held to the State. (*Id.* at PageID 2.)

On April 27, 2018, a warrant was served on the probation violation. (*Id.*) At the probation violation hearing on May 9, 2018, Petitioner's counsel told him that the probation violation was based on the aggravated burglary and domestic violence charges. (*Id.* at PageID 3.)

New counsel was present to represent Petitioner for a hearing on May 22, 2018. (*Id.*) The State's witness was not in court and Petitioner requested that the case be dismissed or that the hearing be reset. (*Id.* at PageID 3–4.) Petitioner asserts that the Court ordered that his probation was violated on the criminal trespass charge. (*Id.* at PageID 4.)

Petitioner seeks habeas relief for denial of the hearing to confront the false statements of the State's witness and for sentencing him based on the criminal trespass charge. (*Id.*)

## DISCUSSION

Section 2241 authorizes federal courts to issue writs of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But, a federal court cannot decide a § 2254 petition until the petitioner exhausts the remedies available in state court. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Petitioner has not filed the claims for which he seeks habeas relief in state court and has not met his burden to show exhaustion where available state-court remedies remain. *See Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569, at* 1 (6th Cir. Sept. 5, 2017).

The § 2254 Petition is DISMISSED WITHOUT PREJUDICE pursuant to refiling upon the exhaustion of state court remedies. Judgment shall be entered for Respondent.

Furthermore, there is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). But, Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is premature. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court DENIES a certificate of appealability.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file her motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED that, pursuant to Fed. R. App. P. 24(a), any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[2]

**SO ORDERED**, this 16th day of August, 2018.

s/ Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, she must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).